company before this suit was brought, we do not regard that as a defense to the prosecution of this action in the name of appellee. While section 18 of our Practice Act (J. & A. ¶ 8555) permits the prosecution by the owner of a non-negotiable chose in action in his own name, we do not understand that he is precluded from bringing the action in the name of the assignor under the practice established before the enactment of that statute. Appellants in their arguments claim to have filed pleas to the effect that the claim had been settled and discharged before suit was brought and that the Court refused to sustain such pleas. The general rule is that payment may be pleaded specially, or proved under the general issue; but on another trial the defendants should be permitted, if they deem it necessary, to file such further pleas as in their judgment are required to present their defense.

The judgment is reversed and the cause remanded.
*Reversed and remanded.*

---

### Finley Barrell, Appellee, v. Lake Forest Water Company.

### Gen. No. 5,982.   (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Lake county; the Hon. Charles Whitney, Judge, presiding. Heard in this court. Reversed and remanded. Opinion filed January 6, 1915.

### Statement of the Case.

Suit by Finley Barrell against Lake Forest Water Company, a public service corporation to restrain it from shutting off the water from the complainant's premises because of his failure to pay a bill for water alleged to be greatly in excess of what he used. The

bill alleged an offer to pay a reasonable amount, and prayed for an accounting. An injunction was granted without notice on the bill, and defendant appealed from an interlocutory order overruling a motion to dissolve the injunction.

COOKE, POPE & POPE, for appellant.

FREDERICK SASS, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. WATERS AND WATER COURSES,—*when consumer may enjoin enforcement of unreasonable charge.* A consumer of water furnished by a public utilities company may restrain the enforcement of an unreasonable charge.

2. WATERS AND WATER COURSES,—*how water company may collect charges.* A public service corporation may shut off water for nonpayment of a bill if there is no overcharge, and a motion to dissolve an injunction preventing such shutting off should not be overruled when it appears that there was no overcharge.

3. INJUNCTION, § 273*—*how hearing to dissolve may be had.* Under sections 14 *et seq.,* of the Injunction Act (J. & A. ¶¶ 6174 *et seq.*) a motion to dissolve an injunction should be heard and determined upon the weight of the testimony introduced by the respective parties at the hearing.

4. WATERS AND WATER COURSES,—*when injunction preventing collection of water charges should be dissolved.* An order overruling a motion to dissolve an injunction preventing a public service corporation from collecting a bill for water served, *held* erroneous when supported only by the general statement of the consumer that he was charged for more water than he consumed, and more than he was charged for in former years.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.